**BOWLES, Price Adm'r, v. WOOD'S BAR, Inc., et al.**

**No. 3843.**

District Court, E. D. Pennsylvania.

Nov. 9, 1944.

Walter N. Moldawer, of Philadelphia, Pa., for plaintiff.

Hirsh W. Stalberg, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

On August 22, 1944, this Court entered a decree enjoining the defendant restaurant (engaged in the business of selling food and drink) from selling food or beverages in excess of the prices permitted by Restaurant Maximum Price Regulation No. 2—1, and General Order No. 50, etc. The decree also directed the defendant, within 30 days

of its entry, to refund to persons entitled thereto all amounts received from the sale of food items, beverages and meals since July 26, 1943, in excess of the maximum legal prices established under said Restaurant Maximum Price Regulation No. 2—1. Additionally, the decree provided that in the event a refund was not feasible, the defendant might, in the discretion of the plaintiff, offer a voluntary contribution to the Treasury of the United States in lieu of the refund.

The instant motion seeks modification of the refund provisions on the premise that "it is obviously impossible that any refund be made in that way" and "no restaurant keeps any record of people who buy meals or drinks".

The defendant urges that in lieu of the refund the Court permit the defendant to lower its prices under the maximum for a period of nine months. It is suggested that "settlements" are being made on a similar basis between the Office of Price Administration in New York and defendants against whom suits have been brought for triple damages.

I cannot subscribe to the proposition urged by the defendant. In cases such as the instant one it has been our uniform practice in this District to proceed as provided for in the decree complained of.

For the reasons stated the motion is denied.